THE ATTORNEY GENERAL
OF TEXAS
AUSTIN 11, TEXAS


Gerald C. Mann
JOHN XXX XXXXXXXXRD
ATTORNEY GENERAL

Honorable Cullen B. Vance
City Attorney
Edna, Texas

Dear Sir:                         Opinion Number O-2353

Re: In the event the coming
election carries and the
proposed bonds are voted,
what will be the status of
the $100,000 bonds previous-
ly voted?

We are in receipt of your opinion request of recent
date and quote from your letter as follows:

"In 1938 the City of Edna voted bonds in the
amount of $100,000.00 for the purpose of con-
structing an electric light and power generating
and distribution system.

"Recently it was determined that this amount
would be inadequate to build the system, where-
upon, an election was called for May 17th for the
purpose of voting on bonds in the amount of $150,-
000.00, the purpose of these bonds being identical
with that originally voted.

"The question is, in the event the coming elec-
tion carries and the bonds are voted, what will be
the status of the $100,000.00 bonds previously
voted?

"With respect to the bonds first voted, nothing
further has been done since they were voted."

If the City of Edna votes another bond issue of
$150,000.00, they will have outstanding a total authorized
bond issue of $250,000.00, as there is no law permitting the
cancellation or revocation of an authorization once
obtained from the electorate.

We are enclosing a copy of our Opinion Number O-1339, which we believe clearly sets forth our view on this point. It us our understanding that both issues are revenue bonds issued under Article 1118, Vernon's Annotated Civil Statutes, thereby pledging the net revenues from said system, and further secured by a mortgage on the properties of said system. Article 1113, Vernon's Annotated Civil Statutes, provides, in part, as follows:

> "No part of the income of any such system shall ever be used to pay any other debt, expense or obligation of such city or town, until the indebtedness so secured shall have been finally paid."

The Supreme Court of Texas has construed this language to preclude cities from issuing second-mortgage bonds against the income of a light system until final payment of the indebtedness secured by the original bond issue. City of Houston vs. Allred, 71 S.W. (2d) 251.

Therefore, we see that the $100,000.00 issue previously voted would, as a matter of fact, lie dorment and definitely could not be issued until the $150,000.00 debt had been fully paid. If at some future time, after the $150,000.00 debt has been fully discharged, the properly constituted officials of the city attempted to issue the $100,000.00 of bonds, they could not do so if it is conclusively shown that the purpose for which such bonds had been authorized had been accomplished.

Trusting that the foregoing answers your question, we are

Very truly yours

APPROVED JUNE 15, 1940

s/ Gerald C. Mann

ATTORNEY GENERAL OF TEXAS

ATTORNEY GENERAL OF TEXAS

s/ Claud O. Boothman

By

Claud O. Boothman
Assistant

Approved Opinion Committee
By BWB, Chairman

COB-s/cg
Encl.